## RUTLAND SAVINGS BANK *v.* TOWN OF RUTLAND.

*Savings Banks. Taxation. Gen. Sts. c. 83. s. 18.*
*Sts. 1851, No. 59, s. 1.*

National bank stock, held as an investment by a savings bank instituted to enable industrious persons safely and profitably to invest their earnings, and by its charter authorized to receive and manage deposits from such persons, and, after deducting necessary expense, to divide among them the profits thereof in proportion to their deposits, was set in the grand lists of 1877 and 1878 in the town where such savings bank did business, as the property of such bank. *Held,* that savings banks were not meant by the phrase, "bank or other corporation", in section 18, c. 83, Gen. Sts., nor the *owning* of shares in the sense of that section by the *investment* contemplated by section 1, No. 59, Sts. 1851; and that the savings bank was not the taxable owner or holder of the money deposited, nor of securities held therefor.

The Legislature may exempt depositors in savings banks from taxation on the score of deposits not exceeding $250 in amount, upon the same reasons of public policy on which the banks themselves are created.

GENERAL ASSUMPSIT. The facts were agreed to be as follows : The plaintiff, a duly incorporated savings bank, sought to recover the sum of $165 which it had paid under protest to the defendant's collector of taxes in payment of town and highway taxes assessed on the lists of 1877 and 1878 in the defendant town, on property which the plaintiff contended was illegally set in the list. That property consisted of shares of the capital stock of the National Bank of Rutland, which that bank had reported to the listers as standing in the plaintiff's name, and which the listers had set in the list at the sum of $60. The act whereby the plaintiff was incorporated was, so far as material, as follows :

SEC. 1. George T. Hodges . . . and such others as shall be duly elected members . . . are hereby constituted a body politic and corporate, by the name of the Rutland Savings Bank, for the purpose of enabling industrious persons of all classes, to invest such part of their earnings as they can conveniently spare, in a safe and profitable manner; and by that name may sue and be sued. . .. .

SEC. 2. Said corporation may receive on deposit, for the use and benefit of the persons by or for whom deposits may be made, all sums of money offered for that purpose ; and manage and improve the same

for the purposes, and according to the directions, herein mentioned and provided.

Sec. 3. All deposits of money received by said corporation, shall be managed and improved to the best advantage ; and the income or profit thereof shall be divided by said corporation, among the several persons by or for whom said deposits shall have been made . . . in just proportion, according to their deposits, with such reasonable deductions as may be necessary to defray the unavoidable expenses of said institution ; and all such deposits may be withdrawn, by the persons entitled thereto, at such reasonable times and in such manner as said corporation in its by-laws may direct.

The plaintiff's assets consisted wholly of investments of money deposited, and included the stock on which was made the assessment in question, and, among other things, United States bonds, of which, on April 1, 1877, it had bonds to the amount of $45,000, and on April 1, 1878, bonds to the amount of $75,000, which were exempt from taxation. Its bonds all bore interest payable semi-annually in January and July, and were taken in the plaintiff's name, and were principally non-negotiable. The plaintiff's books for the years 1877 and 1878 showed that its assets amounted to about $645,000, of which about $600,000 stood credited to depositors for deposits and accumulations thereon. The remainder represented undivided accumulations held subject to the requirements of the charter, the by-laws and the law to meet current demands of depositors and to provide against the danger of losses. The plaintiff always kept its investment in United States bonds at a sum larger than that of its undivided accumulations, and treated the bonds as composing such accumulations, and so informed the listers when the lists in question were made. The plaintiff's treasurer fully complied with the provisions of the law (section 40, c. 86, Gen. Sts., and No. 20, Sts. 1863) requiring him to transmit to the clerks of the several towns, for the benefit of the listers of such towns, the names of all persons therein having money to an amount exceeding $250 on deposit, together with the amounts by them severally deposited ; and the sums on deposit to account of persons resident in Rutland, amounting on an average to about $125,000, were duly set in the list to such persons.

The plaintiff claimed that taxation of its investments would be double taxation, inasmuch as depositors were subject to taxation on their deposits ; that it was not the owner of its assets, except as it held the same for its depositors, and, in the absence of special provisions, was entitled to offset its liabilities against its estate ; and that, in any event, if its undivided accumulations were taxable, the exempt property exceeded the amount thereof. But the court, at the September Term, 1879, RICE, Assistant J., presiding, rendered judgment, *pro forma*, for the defendant for its costs ; to which the plaintiff excepted.

*Prout & Walker*, for the plaintiff.

The tax is not a franchise tax ; it is simply a property tax. *Provident Institution* v. *Massachusetts*, 6 Wal. 611, 631 ; *Society for Savings* v. *Coit*, *Ib.* 594.

Deposits and profits belong to depositors. Such ownership carries with it the beneficial ownership of all securities and assets. For purposes of taxation it is their property. Sts. 1863, No. 20 ; Sts. 1876, No. 21 ; Burroughs Taxation, 61 ; 1 Abbott Corp. Dig. ss. 12, 13, 168 ; Cooley Taxation, 165. See also Gen. Sts. c. 83, s. 4. The exemption of those whose deposits do not exceed $200 does not affect the question. Burroughs Taxation, 132. Nor is the case changed by the fact that there were undivided accumulations. The ownership of accumulations is the same as that of deposits. The true solution of the matter is that the relation of plaintiff to depositors is a trust relation. The plaintiff has no share in the profits. Trust property is not taxable against both trustee and *cestui que trust*. Burroughs Taxation, 22 ; Angell & Ames Corp. ss. 460, 461 ; *Savings Bank* v. *Nashua*, 46 N. H. 389, 394 ; *Savings Bank* v. *Portsmouth*, 52 N. H. 17.

The plaintiff being an institution of its own peculiar character is not liable to taxation at all. Depositors alone are liable. Gen. Sts. c. 86, s. 40 ; *Institution for Savings* v. *Worcester*, 10 Cush. 128 ; *Augusta Savings Bank* v. *Augusta*, 56 Me. 176 ; *Branch* v. *Marengo*, 43 Iowa, 600.

But if any of the plaintiff's assets. are taxable it is entitled to a deduction of its liabilities and its United States bonds.

*J. C. Baker* and *M. G. Everts*, for the defendant.

The plaintiff is a body corporate and politic. When the taxes were assessed the plaintiff had personal property to the amount of $645,000, of which $600,000 stood credited to depositors. The remainder it held as surplus in its own name. That surplus was not covered by the returns of the treasurer under No. 20, Sts. 1863; and to tax it would not be double taxation. The $600,000 constitutes a single contract debt to depositors. The owner of United States bonds cannot treat them as personal estate in excess of indebtedness. The statute makes the application in another way. Sts. 1864, No. 64. The plaintiff is not exempt from taxation by its charter, nor by any direct legislation. There can be no exemption by implication. Cooley Taxation, 144; *Providence Bank* v. *Billings*, 4 Pet. 514; *Wilmington Railroad* v. *Reid*, 13 Wal. 264; *The Delaware Railroad Tax*, 18 Wal. 206; *Herrick* v. *Randolph*, 13 Vt. 525; *Thorpe* v. *Rutland & Burlington Railroad Co.* 27 Vt. 140.

Any bank or other corporation owning shares of its own stock or in any other corporation shall be listed and assessed in the town where it is situated. Gen. Sts. c. 83, s. 18. The plaintiff is therefore liable to taxation on the stock in question. Sts. 1865, No. 6; Sts. 1869, No. 25; *Clapp* v. *Burlington*, 42 Vt. 579.

The law requiring the treasurer to make return of the names of depositors of more than $250 does not operate to the exemption of other assets. To have had that effect, such should have been its unambiguous declaration.

The opinion of the court was delivered by

BARRETT, J. The character and purpose of the plaintiff bank are shown by its charter, and the other legislation on the subject of and affecting such banks, and the depositors therein, and the officers thereof.

It is not a business corporation, operating for its own emolument, or for that of the corporators. It has no stockholders. It

is instituted " for the purpose of enabling industrious persons of all classes to invest such part of their earnings as they can conveniently spare, in a safe and profitable manner." The money that the bank has to handle consists of the deposits made. It, and the profits on it, belong, in fixed proportion, to the depositors. The corporation is created, not to become the owner of the money or its representative, but to receive and handle it to the sole intent of an investment of it in a safe and profitable manner, for the benefit of the depositors. The provision for the suing and being sued of the corporation is in subserviency to, and to enable it to carry into effect, the purpose of its creation, and to render it capable of being forced by legal compulsion to respond its liabilities on that score. In *Huntington* v. *Savings Bank*, 6 Otto, 388, is an ample and just exposition by STRONG, J., of the purpose, functions, and character of such institutions as that under Act of Congress, and this under our state laws. Until the last session of the Legislature there was no provision for the payment of any taxes by savings banks. The only special provision touching taxation, having, reference to such banks, was that requiring the treasurer to make return to town clerks of depositors of more than $250. That provision indicates that, so far as deposits are concerned, the purpose was to treat them as the property of the respective depositors, and to subject them to taxation in the name of such depositors, in the same way that any other property would be the subject of taxation in the name of the owner thereof. It is clear that it was not understood that the bank was the taxable owner, or holder of the money deposited, or of the securities therefor which they held. The provisions of the act relating to savings banks, of November 15, 1851, section 1, shows that it was contemplated that deposits would be invested in bank stock ; that investments on loan would be secured by bank stock, also in public funds, and on loans secured by the public funds; also in loans on mortgages of real estate, &c., &c., all which was to be reported to the auditor of accounts annually, and by him to the Legislature. In reference to every kind of investment that could be made, and of security that could be given therefor, no provision of statute indicated the purpose of having such investments

the subject of taxation against the corporation. In all the time since that act of 1851, investments of all the various kinds have been made by all the savings banks, and upon all the various kinds of securities, and all have been reported to the auditor and the Legislature. Yet no provision has been made for taxing any such investments, and this case furnishes the first instance in which it has been attempted.

The statute cited means, in reference to investment of deposits in bank stock, the same as in reference to investments in anything else, or on any other securities. It is not claimed that any other investments are taxable. And the ground on which it is claimed that this investment is taxable to the plaintiff bank, is the provision of the statutes. Gen. Sts. c. 83, s. 18, viz., "Any bank or other corporation owning shares of its own stock, or of any other corporation, shall be listed and assessed thereon in the town where the corporation owning such stock is situated." It is obvious from the nature of the case, and from practical construction, that savings banks are not meant by the terms "banks and other corporations" in that statute. The investment contemplated by said act of 1850, does not mean the owning of shares in the sense of said section 18, c. 83, Gen. Sts. We have no doubt that the Legislature intended to leave the subject of taxing deposits solely and exclusively on the statute as to deposits of over $250, with no intention to subject the bank or the depositors, through and in the name of the bank, to any further or other taxation on the score of the deposits held by the bank. If any further taxation of deposits was contemplated, it was left to be done under the general provisions of the statutes for the assessment and taxation of individuals in their own names for money on hand or at interest. It is needless to extend into details the various considerations and reasons which lead us all by the same processes to the same result in this case.

It is amply within legislative power in the matter of taxation, to say that on sums of money less than $250 persons shall be exempt from taxation, on the score of public policy, as related to the purpose for which savings banks were created. It is equally competent to let the aggregate amount of deposits of smaller sums

than that go free of taxation. · It is competent and proper for the Legislature, after subjecting deposits in excess of $250 to taxation against the depositors, to omit to subject the same depositors to further taxation for the same deposits, as would be done if this investment of deposits in bank stock should be taxed against the bank, for the savings bank would have to answer for the tax out of the money of the depositors, the bank having none of its own.

Then again, it occurs to suggest that by such taxation of the bank stock, persons who are taxed in other towns for all their money deposited in the plaintiff bank, would be compelled to pay an additional tax to the town of Rutland on the score of the same money ; and persons who are not taxed or taxable at all in other towns where they reside on the score of deposits less than $250, would still have to pay taxes to the town of Rutland, in which they do not reside, on the score of the same deposits *pro rata* with other depositors. Upon the subject of double taxation, and the presumption against such intent, see Cooley Taxation, 165 ; 1 Abbott Corp. Dig. 834–849 ; Angell & Ames Corp. s. 460–1.

The tax paid being not warranted by law and paid under protest, is recoverable in this action.

Judgment is reversed, and judgment rendered for plaintiff to recover the money paid as stated in the agreed facts, with interest from the time of payment.